UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-73-F

| | | |
|---|---|---|
| HARRY R. MATHIS AND THELMA L. MATHIS, 115 Cypress Drive Wilmington, NC 28401 Plaintiffs, v. AMERICAN GENERAL FINANCE, INC. BARBARA M. HEISLER, MANAGER 7102 Hull Street, Suite D Richmond, VA 23235-5830 and AMERICAN GENERAL FINANCE, INC. CORPORATION SERVICE, CO. RA 115 12th Street Richmond, VA 23218 AMERICAN GENERAL FINANCE, INC. 601 NW 2nd Street Evansville, Indiana 47708 Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

This matter is before the court upon the motion to dismiss [DE-10] filed by American General Finance Services, Inc. f/k/a American General Finance Inc. ("AGF"). Also before the court is the motion for default judgment [DE-15] filed by the pro se Plaintiffs. All motions have been fully briefed, and are therefore ripe for ruling.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs initiated this action by filing the Complaint [DE-1] in this court on May 5, 2008. Therein, Plaintiffs allege that "[t]his is an action arising from certain acts, practices, and conduct

resulting in fraud and unjust enrichment upon the plaintiffs from a real estate loan on business investment property in Stafford County, Virginia which closed on April 30, 1990." Compl. [DE-1] ¶ 1. In Plaintiff's first claim for relief, they allege "[d]uring the beginning of the loan payments, computations of interest were computed by hand, and errors were made in charging excessive interest in the amount of approximately $950.00." Compl. [DE-1] ¶ 12. Plaintiffs allege that they "kept trying to get them [presumably the Defendants] to correct the amount" but "[t]hey refused." *Id.* Plaintiffs allege that AGF and Defendant Barbara Heisler took "[t]his action . . . flagrantly, arbitrarily, and intentionally seeking unjust riches for the firm." *Id.* Plaintiffs seek treble damages in the amount of $22,000.00.

In the second claim for relief, Plaintiffs allege that on December 28, 2001, AGF "forced place[d]" fire and hazard insurance on the land, and after Plaintiffs refused to pay the "illegal charges" AGF reported to the credit bureau that Plaintiffs had made late payments. Plaintiffs allege: "It took about six months to force them to remove the erroneous late payments." Compl. [DE-1] at pp. 3-4. In the third claim for relief, Plaintiffs allege that defendants "force placed" insurance on the lots "[o]n another occasion."

Finally, in the fourth claim for relief, Plaintiffs allege that in 2003, AGF again began making reports to credit bureaus after Plaintiffs informed the company they were not going to make any more payments on the loan because Plaintiffs already had "overpaid." Compl. [DE-1] at pp. 4-5.

On May 30, 2008, AGF filed a motion for extension of time to answer or otherwise respond to the Complaint [DE-5]. Therein, AGF represented it was served with the Complaint on or about

2

May 13, 2008, and asked that the court extend the time within which AGF could respond to the Complaint by twenty days, or to and including June 23, 2008. The motion indicated that Plaintiff Harry R. Mathis consented to the requested extension of time. The Clerk of Court allowed the motion on June 2, 2008, and ordered that AGF have until June 23, 2008, to file a response to the Complaint.

On June 23, 2008, AGF filed a second motion for an extension of time to respond toe Plaintiffs' Complaint. AGF again had Plaintiff Harry R. Mathis's consent, and asked for a two-day extension, until June 25, 2008. The motion was allowed by the Clerk of Court on June 25, 2008, and on that day AGF filed the motion to dismiss.

On July 10, 2008, Plaintiffs filed two certified mail receipts. One receipt, addressed to AGF in Evansville, Indiana, shows that the Complaint was delivered on May 12, 2008. That same day, Plaintiffs filed a motion for default judgment, arguing that AGF's motion to dismiss was untimely.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiffs contend that AGF received the summons and Complaint on May 12, 2008, and that they only consented to extensions totaling 22 days. According to Plaintiffs, AGF's motion to dismiss or other response to the Complaint should have been received by them on June 23, 2008. Because Plaintiffs did not receive the motion to dismiss until June 26, 2008, they contend they are entitled to default judgment on their claims. Plaintiffs are mistaken.

First, accepting that AGF received the summons and Complaint on May 12, 2008, it had twenty days within which to file a response to the Complaint. FED. R. CIV. P. 12(a)(1)(A)(i).

3

Twenty days after May 12, 2008 was June 1, 2008–a Sunday. Therefore, pursuant to Rule 6(a)(3), AGF had until June 2, 2008 to file a response to the Complaint. FED. R. CIV. P. 6(a) (explaining that when the last day of a service period falls on a Sunday, "the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible"). On May 30, 2008–before the response time had expired–AGF moved, with Plaintiffs' consent, for a twenty-day extension of time. Twenty days from June 2, 2008, was June 22, 2008–again, a Sunday. Therefore, when the court allowed AGF's motion, it granted AGF until June 23, 2008, to file a response, in accordance with Rule 6(a)(3). AGF's second motion for extension of time, timely filed on June 23, 2008 and requesting two additional days, was allowed by the court, and therefore AGF had until June 25, 2008 to respond to Plaintiff's Complaint.

Second, because AGF did serve the motion to dismiss on June 25, 2008, it is timely filed. AGF's motion to dismiss was accompanied by a certificate of service by its counsel, certifying that the motion was served upon Plaintiffs by mail. Mot. to Dismiss [DE-10] at p. 2. Under the Federal Rules of Civil Procedure, service is made by "mailing it to the person's last known address–in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). Consequently, AGF served Plaintiffs by timely mailing the motion to dismiss on June 25, 2008. The North Carolina Court of Appeals case cited by Plaintiffs does not say anything relevant about the Federal Rules of Civil Procedure. Plaintiffs' motion for default judgment [DE-15] is DENIED.

### III. MOTION TO DISMISS

#### A. Standard of Review

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations

in a complaint will be construed in the nonmoving party's favor and treated as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The court is " 'not so bound with respect to [the complaint's] legal conclusions.' " *Self v. Norfolk Southern* Corp., No. 07-1242, 2008 WL 410284, slip. op. at 1 (4th Cir. Feb. 13, 2008) (per curiam)(quoting *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). The complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). If a claim has been adequately stated in the complaint, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1969 (2007).

Dismissal, however, is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). *See generally* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate).

**B. Analysis**

AGF contends that all of Plaintiffs' claims are barred by the applicable statute of limitations, and that the claims are inadequately pled. Plaintiffs did not explicitly state *what* the specific claims for relief are, or what law governs their claims for relief. Consequently, AGF attempts to interpret Plaintiffs' Complaint broadly, and opines: "Plaintiffs are attempting to state claims for breach of contract, fraud, and force-placing of insurance." Mem. of Law in Support of Mot. to Dismiss [DE-11] at p. 4. AGF also note that Plaintiffs reference the Racketeer Influenced

5

and Corrupt Organizations Act ("RICO"), the Fair Credit Reporting Act ("FCRA"), and the Truth in Lending Act ("TILA").

Plaintiffs, for their part, take great umbrage with AGF's "assumptions." Plaintiffs appear particularly perturbed by AGF's reference to a breach of contract claim, and state that obviously North Carolina's ten-year statute of limitations on installment contracts and contracts under seal governs the action. Additionally, Plaintiffs contend that AGF should have just moved for a more definite statement. Plaintiffs argue that AGF's assumptions change the cause of action, but Plaintiffs have yet to articulate precisely the nature of their causes of action. Aside from suggesting that at least one of their claims may be for breach of a contract under seal, Plaintiffs have done little to resolve any of the confusion engendered by the Complaint. The court, mindful of Plaintiffs' pro se status, will try itself to construe Plaintiffs' claims broadly to determine if Plaintiffs adequately have stated any timely claims.

**1. Usury**

The first claim that could be suggested from Plaintiffs' Complaint is one for usury. Plaintiffs allege that AGF charged them excessive interest and would not correct errors made in calculating interest. *See* Compl [DE-1] ¶ 12. To establish a claim for usury under North Carolina law, a plaintiff most prove (1) the existence of a loan or forbearance of money; (2) an understanding that the money will be paid, a payment, or an agreement to pay interest at a greater rate than that allowed by law, and (3) the lender's corrupt intent to receive more interest than the legal rate permits for use of the money loaned. *Swindell v. Federal Nat'l Mortg. Ass'n*, 330 N.C. 153, 159, 409 S.E.2d 892, 895 (1991). Federal law, via the National Bank Act, also provides an

6

exclusive federal remedy for usury when the claim is against a national bank. *See Citibank, S.D., N.A. v. Palma*, 184 N.C. App. 504, 506-07, 646 S.E.d2d 635, 637-38 (2007)(citing 12 U.S.C. § 85).

The statute of limitations for a claim of usury under the National Bank Act is two years from the time the usurious transaction occurred. *See* 12 U.S.C. § 86. An action to recover the penalty for usury under North Carolina law begins to run upon each payment of usurious interest, and is barred by the statute of limitations at the expiration of two years from such payment. *Haanebrink v. Meyer*, 47 N.C. App. 646, 648, 267 S.E.2d 598, 599 (1980). Moreover, under North Carolina law the statute of limitations for an action to recover the forfeiture of all interest for usury is two years, and begins to run from the time an agreement or charge for usurious interest is first made. *Id.* at 649, 267 S.E.2d at 600. In this case, Plaintiffs make clear in their response to AGF's motion to dismiss that the loan was paid off on November 3, 2003. *See* Resp. [DE-21] at p. 7. Thus, it appears the last date that an action for usury could accrue would be November 3, 2005–making any claim by Plaintiffs for usury well beyond any of the applicable statute of limitations. Consequently, to the extent that Plaintiffs allege an usury claim, it is DISMISSED.

## 2. Fraud

In the first numbered paragraph in the Complaint, Plaintiffs allege: "This is an action arising from certain acts, practices, and conduct resulting in fraud and unjust enrichment upon the plaintiffs . . . ." Compl. [DE-1] ¶ 1. In North Carolina, the statute of limitations for a claim alleging fraud is three years, and a claim accrues upon a plaintiff's discovery of facts constituting the fraud. N.C. Gen. Stat. § 1-52(9). The last date that Plaintiffs mention in the Complaint and

response to the motion to dismiss again is November 3, 2003–meaning that the statute of limitations ran on November 3, 2006.

Plaintiffs do allege that "[t]he actions complained of herein have taken place in both North Carolina and Virginia from the inception of the loan to the present date." Compl. [DE-1] ¶ 8. Even if the court considered this to be sufficient to bring any fraud claim within the statute of limitations, the Complaint still lacks allegations that will satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). *See also* N.C. Gen. Stat. § 1A-1, Rule 9(b). Specifically, the Complaint does not allege detrimental reliance, nor damages stemming from such reliance, with particularity. *See, e.g., Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990)("It is well settled under North Carolina law . . . that a complaint claiming fraud is fatally defective unless it alleges detrimental reliance, and damages proximately flowing from such reliance, with particularity."). A Complaint must also plead, with particularity, "the time, place, and contents of the false representations, as well as the identity of the person making the representations and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.2d 776, 784 (4th Cir. 1999). The Plaintiffs' Complaint does not contain any allegations satisfying these requirements. Therefore, to the extent that the Complaint attempts to state a claim for fraud, it is DISMISSED.[1]

## 3. Breach of Contract

---

[1] Although Plaintiffs mention "unjust enrichment," where, as in this case, a contract forms the basis for the claim, a court will not consider a claim in quasi contract. *Hinson v. United Fin. Servs., Inc.*, 124 N.C. App. 469, 473, 473 S.E.2d 382, 384 (1996).

8

AGF also surmise that Plaintiffs are attempting to state a breach of contract claim. Plaintiffs take great issue with this assumption, noting: "Plaintiffs' Complaint does not mention **Breach of Contract** on its face in any place." Response [DE-21] at p. 4. Despite seemingly admitting that they did not state a claim for breach of contract in the Complaint, Plaintiffs argue that a ten-year statute of limitations applies, because the loan at issue was a contract under seal, and that the statute of limitations began to run at the time the last payment was due on the loan, because the loan was an installment contract. Plaintiffs request leave to amend the Complaint so they may allege that the loan was a contract under seal.

First, as AGF ably explains, under North Carolina law,[2] two different rules exist as to when the statute of limitations begins to run on installment contracts. First, the general rule is that the statute of limitations begins to run on installment contracts at the time the individual installment becomes due. *Vreede v. Koch*, 94 N.C. App. 524, 527, 380 S.E.2d 615, 617 (1989). In some cases, however, the statute of limitations clock does not begin to run until the date the last installment payment is due. *Id.* at 528, 380 S.E. 2d at 617 (citing *In Re Lake Townsend Aviation, Inc.*, 87 N.C. App. 481, 361 S.E.2d 409 (1987)). The latter rule applies when future performance of the contract remains possible despite a material breach. The former rule applies when future performance is not possible; i.e., where an injured party signals his intention to treat the contract as repudiated. *Id.*

Plaintiffs make clear in their response that the contract at issue in this case was concluded

---

[2] Plaintiffs, for their part, limit their discussion of the applicable state law to North Carolina, and do not discuss the applicability or import of Virginia law.

on November 3, 2003. *See* Response [DE-21] at p. 7 ("You can't close a sale on a lot until the settlement attorney receives a payoff figure, from the mortgagee, which in this case was AGF. Plaintiffs finally obtained a payoff amount on October 29, 2003 from Defendant Heisler for a payoff on November 3, 2003."). Any future performance under the loan was impossible after that date. Therefore, even taking Plaintiffs' position that the "exception" applies in this case, the statute of limitations began to run, if at all, on November 3, 2003.

Under Plaintiff's view, this poses no problem to their claims because they want to amend the Complaint to state that the contract was under seal, and therefore the ten-year statute of limitations applies. *See* N.C. Gen. Stat. § 1-47(2). Still, Plaintiffs have not addressed a more fundamental problem with the Complaint, or their proposed amendments to the Complaint: there are no allegations that AGF's conduct violated the terms of the contract, such that a breach occurred. As such, even the proposed amended Complaint would remain defective. Any attempted breach of contract claim by Plaintiffs is DISMISSED, and their request for leave to file an amended Complaint is DENIED.

### 4. Federal Claims

In the "Jurisdiction" section of the Complaint, Plaintiffs reference three different federal statutes. Specifically, Plaintiffs allege:

> 5. The jurisdiction of this Court is invoked as this action arises under 18 U.S.C., Chapter 96, Racketeer Influential and Corrupt Organization Act, § 1961, 1962, 1964, 1965 and 1968, as hereinafter more fully appears, and §§ 1341 and 1343.
> 6. The actions also arise under the Federal Fair Credit Reporting Act, Public Law 91-508, Title 15, U.S.C. Sections 1601, et seq.0[sic] and the Federal Truth in Lending Act, as well as the States' Consumer Protection Laws.

Compl. [DE-1] ¶¶ 5-6. Plaintiffs do not allude to any of these statutes again throughout the

Complaint, but they do allege, in the Fourth Claim for Relief, that "Defendants had ten days under the Fair Credit Protection Pact[sic] to provide the payoff figure to the closing attorney" and failed to do so. Compl. [DE-1] at p. 4. Plaintiffs fail to state a claim under any of the referenced federal statutes.

First, to a state a civil clam for a RICO violation, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)(footnote omitted). As AGF notes, in this case, Plaintiffs only mention RICO in the "Jurisdiction" allegations in the Complaint, and do not make any allegations which would support the element of a "pattern" of activity. *See, e.g., ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 181-82 (4th Cir. 2002)(explaining that to establish a "pattern" of racketeering activity, a plaintiff must show that the "predicate acts of racketeering activity" were "part of a prolonged criminal endeavor"). Because Plaintiffs have failed to include any allegations supporting the "pattern" element, any RICO claim alleged in the Complaint is DISMISSED. *See Williams v. Equity Holding Corp.*, 498 F.Supp. 2d 831, 843 (E.D. Va. 2007)(dismissing a civil RICO claim where plaintiffs failed to allege a RICO pattern with the specificity required under Rule (b) of the Federal Rules of Civil Procedure).

Second, with regard to the FCRA, Plaintiffs fail to allege how AGF's actions establish a violation of the statute, or how the actions give rise to civil liability.[3] The only statute cited in the

---

[3] Even if Plaintiffs have attempted to allege a claim under the FCRA in any of the claims for relief, such a claim would have to be dismissed for failure to allege sufficient facts to state a claim. *See, e.g., Khalil v. Transunion, LLC*, 2008 WL 2782912 (E.D. Mich. July 17, 2008) at *7-10(collecting cases and reviewing what elements are necessary to allege a claim under the Fair Credit Reporting Act against a furnisher of credit information).

claims for relief section of the Complaint is the Fair Credit Protection Act–which the court construes a Truth in Lending Act claim. *Cooper v. Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.*, No. 3:07-CV-0427-G, 2008 WL 1848453, at *4 (N.D.Tex. April 22, 2008)(construing a plaintiff's Fair Credit Protection Act claims under the Truth in Lending Act). The Truth in Lending Act has a one-year statute of limitations. *See* 15 U.S.C. § 1640(e)("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). Plaintiff's Complaint and response to the motion to dismiss make clear that the alleged violation–the failure to provide a payoff figure within ten days–occurred in 2003. Therefore, any claim under the Truth in Lending Act based on the failure to provide a timely payoff figure is barred by the statute of limitations, and is DISMISSED.

## 5. Force-placing insurance

In the third and fourth claims for relief, Plaintiffs complain of Defendants "force placing" insurance on the subject real property. As AGF notes, there is no separate cause of action for "force placing" of insurance. The court has not located a North Carolina case recognizing a cause of action for mere force placing of insurance. *Cf. Pitts v. American Sec. Ins. Co.*, 144 N.C. App. 1, 5-6, 550 S.E.2d 179, 184-85 (2001)(plaintiffs alleged claims for unjust enrichment, breach of contract, breach of good faith and fair dealing, breach of fiduciary duties, fraud/fraudulent concealment, unfair and deceptive trade practices, and tortious interference with contract stemming from forced-placement of insurance). Any potential claim for breach of contract or fraud, however, would fail for the same reasons already articulated by the court. Plaintiffs have not

alleged how such actions breached the contract, nor have Plaintiffs alleged fraud with sufficient particularity. To the extent that Plaintiffs are raising claims under the FCRA, the Complaint makes clear that any actions by AGF occurred prior to 2003, when the loan was paid off. Moreover, Plaintiffs indicate they were immediately aware of such actions by Defendants. Consequently, any claim under the FCRA would be barred by the two-year statute of limitations. 15 U.S.C. § 1681p (providing that actions to enforce liability under the act may be brought no later than "2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability").

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss [DE-10] is ALLOWED. The motion for default judgment [DE-15] is DENIED. Plaintiffs' request to file an amended Complaint is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 1² day of January, 2009.

*[signature]*
JAMES C. FOX
Senior United States District Judge